IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH DORNBUSCH,**

      **Plaintiff,**

**vs.**                                                              **No.  08cv0033 DJS**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees, With Supporting Memorandum **[Doc. No. 26]**, filed on July 17, 2009, and fully briefed on July 31, 2009.  Pursuant to 42 U.S.C. §406(b)(1) and Rule 60 of the Federal Rules of Civil Procedure, Plaintiff moves the Court for an Order authorizing attorney fees in this matter in the amount of $11,667.50 for legal services rendered before the Court.  Having reviewed the motion, the parties' memoranda in support and in opposition, and the applicable law, the Court will grant the motion in part.

### I.  Factual Background

      Plaintiff filed an application for disability insurance benefits on February 6, 2004. Plaintiff also filed an application for supplemental security income payments with a protected filing date of November 10, 2003.  The agency denied both applications at the administrative level.  Plaintiff was represented by another counsel during the administrative proceedings.  After the Appeals Council denied benefits, Plaintiff retained Mr. Gary Martone to appeal that ruling to

this Court. Mr. Martone filed a motion to remand that resulted in a stipulated remand. On July 17, 2008, the Court remanded the matter for further administrative proceedings (Doc. No. 21) and entered Judgment on the same day (Doc. No. 22)

## II.  Discussion

As part of its judgment in social security disability cases, the Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable out of the claimant's past-due benefits. The EAJA provides for fees payable by the United States. EAJA fees are determined not by a percent of the amount recovered but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 122 S.Ct. 1817, 1822 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

In *Gisbrecht*, the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant. The Court concluded:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

122 S.Ct. at 1828 (internal citation omitted). Accordingly, the Court looks first looks to the contingent-fee agreement and then tests it for reasonableness. The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases. *Id.* Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

The Commissioner awarded Plaintiff $67,870.00 in back benefits. The Commissioner paid Mr. Martone $5,300.00, minus the $83.00 user fee, for work done at the administrative level after the remand. Pl.'s Mot. Or. Authorizing Att'y Fees at 2. Pursuant to 42 U.S.C. 406(b), Mr. Martone now seeks compensation in the amount of $11,667.50 for 17.25 hours of work done before the Court. Mr. Martone asserts the law firm will refund to Plaintiff the EAJA fees the Court previously awarded in the amount of $2,606.15, minus $1,139.70 for gross receipts tax and $62.63 for advanced costs. *Id.* at 3.

Mr. Martone urges the court to apply the six-factor test applied in *McGuire v. Sullivan*, which considers the "'time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.'" 873 F.2d 974, 983 (7th Cir. 1989) (quoting *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982). The Court will consider these factors.

First, Mr. Martone submitted an affidavit attesting he has represented Plaintiff since January 4, 2008. Pl.'s Mot. Or. Authorizing Att'y Fees at 24; Ex. D. Mr. Martone's affidavit also reflects the number of hours[1] devoted to Plaintiff's case and states "[w]e do no hourly

---

[1] In his motion, Mr. Martone claimed he expended 20 hours on this case before the Court. However, in his reply, the Commissioner objected to Mr. Martone claiming hours for work done

work." *Id.* Additionally, Mr. Martone asserts he is an experienced attorney in the area of Social Security disability cases and thus spends fewer hours per case than other practitioners.[2]  Mr. Martone also submitted a copy of the contingency fee agreement Plaintiff signed.  Pl.'s Ex. C. Finally, Mr. Martone submitted a chart from a report of the Office of Disability Programs.[3]  Pl.'s Ex. E.

The Commissioner declines to assert a position on the reasonableness of the amount requested.  However, the Commissioner contends the Court "should not automatically approve a 406(b) fee request simply because it does not exceed the *maximum* allowable of 25% of the total of the past due benefits."  Def.'s Resp. at 5.

The Court has carefully reviewed the motion and will grant the motion in part.  Although Mr. Martone achieved a successful resolution of this case, the Court will not grant the amount requested as that amount would be excessive.  First, the case did not involve novel or difficult issues.  Second, the Commissioner agreed to a stipulated remand after Mr. Martone filed his initial brief, which was approximately 10 pages (2 pages consisted of the VE's testimony, verbatim).  To grant the amount requested would result in a windfall for obtaining a voluntary remand.  (Doc. No. 20, Agreed Motion to Reverse and Remand).  Although Mr. Martone does

---

at the administrative level.  Mr. Martone agreed and reduced the number of hours expended before the Court to 17.25 .

[2] Mr. Martone also argues that after the remand, he "was required to have knowledge of how to develop the record in relationship to the date of onset, which he amended to July 6, 1999, past relevant work issues, transferable skill issues, and credibility."  Pl.'s Mot. Or. Authorizing Att'y Fees at 5-6.  However, Mr. Martone was compensated for his work at the administrative level at the maximum allowed rate.

[3] This chart indicates that in Fiscal Year 2006, United States District Courts remanded 44% of cases and found claimants entitled to payment benefits in 5% of cases.

not charge an hourly rate, "if the firm were to be hired on an hourly basis, the billing rate for both Mr. Martone and Ms. MacDowell would be $250.00 per hour in light of their experience . . . ." Pl.'s Mot. Or. Authorizing Att'y Fees at 7; *see Scherffius v. Astrue*, 296 Fed. Appx. 616, 620 (10th Cir. Oct. 7, 2008) (stating it would have been helpful in determining a reasonable attorney fee if attorney had provided the district court with "his normal hourly fee").  The Court also considered Mr. Martone's "risk of loss" argument.  However, an attorney with 38 years of experience in the area of Social Security appeals would know how to evaluate a case so as to substantially reduce that risk.  Nonetheless, the Court factored Mr. Martone's "risk of loss" in determining a reasonable attorney fee.

Finally, Mr. Martone lists several cases in which he contends similar awards have been granted.  However, each case is different, and under the facts of this particular case, the fee sought is not reasonable as "the benefits are large in comparison to the amount of time counsel spent on the case."  *Gisbrecht*, 122 S.Ct. at 1828.  Considering all these factors, the Court will grant Mr. Martone $5,175.00 in attorney fees.  This amount is reasonable and should adequately compensate Mr. Martone.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum (Doc. No. 26) is hereby granted in part. Plaintiff is awarded $5,175.00 in attorney fees.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall pay to Plaintiff the fee collected under the EAJA in the amount of $2,605.15, less $1,139.70 for gross receipts tax and $62.63 for advanced costs.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**